## SETTLEMENT AGREEMENT

This agreement (the "Agreement") is entered into as of the last date indicated in the signatures below (the "Effective Date"), by and among Ron Satija (the "Trustee"), in his capacity as trustee for the chapter 7 bankruptcy estate of Q Crawford Property Development, LLC (the "Debtor"), on one hand and James and Joyce Foster (collectively, the "Fosters") on the other. Each of the parties to this Agreement is referred to as a "Party" and are collectively referred to as the "Parties."

## RECITALS

A. WHEREAS, the Debtor and the Fosters entered into a contract dated April 23, 2019 (the "Contract") related to the acquisition and construction of improvements on the real property commonly known as 700 Kerr Street, Burnet, Texas 78611-2620 (the "Property");

B. WHEREAS, the Debtor filed a petition for chapter 7 bankruptcy on February 1, 2020 (the "Petition Date") with the U.S. Bankruptcy Court for the Western District of Texas (the "Bankruptcy Court");

C. WHEREAS, prior to the Petition Date, the Fosters made certain payments to the Debtor and the Debtor subsequently acquired the Property and caused certain improvements to be made to the Property;

D. WHEREAS, the Debtor did not list the Property on its schedules of assets and liabilities filed with the Court [ECF No. 65];

E. WHEREAS, the Fosters made payments directly to subcontractors to construct improvements on the Property after the Petition Date, relying on further representations of Coe Pratt and others that the Property was not property of the Debtor's bankruptcy estate;

F. WHEREAS, the Debtor had not recorded any transfer of the Property to the Fosters or any other person as of the Petition Date;

G. WHEREAS, on November 17, 2020, the Trustee filed the *Chapter 7 Trustee's Motion for Authority to Sell Real Property Free and Clear of All Interests Pursuant to 11 U.S.C. §§363(b) and 363(f) and to Pay All Other Normal and Customary Closing Costs and Fees at Closing* [ECF No. 136] (the "Motion to Sell") with respect to the Property;

H. WHEREAS, on December 14, 2020, the Court entered its order granting the Motion to Sell [ECF No. 139] (the "Sale Order") providing, among other things, that the sale of the Property pursuant thereto (the "Sale") would be free and clear and that any and all valid liens, claims, or ownership interests would attach to the proceeds of Sale;

I. WHEREAS, the Sale closed on or about February 5, 2021, as described in the *Report of Private Sale of Estate Asset* [ECF No. 147];

J. WHEREAS, the Fosters have asserted that they held legal or equitable interests in and rights to the Property prior to the Sale and that such interests and rights have attached to the proceeds of the Sale;

K.      WHEREAS, the Fosters have asserted in their amended proof of claim number 26-2 ("Claim No. 26") that they have a claim against the Debtor's bankruptcy estate in the amount of $247,714.80, of which $172,000 is secured by an interest attaching to the proceeds from the Sale and the remaining $75,714.80 is unsecured.

L.      WHEREAS, the Parties desire to resolve their respective rights, duties, and obligations as set forth herein;

## AGREEMENT

NOW, THEREFORE, for good and valuable consideration, including the mutual agreements contained herein, the receipt and sufficiency of which are hereby acknowledged, the Parties agree as follows:

1.      <u>Payment of the Settlement Amount to the Fosters</u>. Within fourteen (14) days after entry of a final and unappealable order of the Bankruptcy Court approving this Agreement (the "Approval Order"), the Trustee shall pay to the Fosters from property of the Debtor's estate the sum of **$92,081.35**. (the "Settlement Amount"). The Trustee shall effectuate payment by check sent by commercial delivery service to the Fosters at the following address:

> James and Joyce Foster
> 132 Offer Lane
> Llano, TX 78643

Provided that a check for the Settlement Amount is ultimately delivered to the Fosters and clears, the Settlement Amount shall be deemed to have been paid on the date that the Trustee delivered a check for the Settlement Amount to a commercial delivery service. If the check is not delivered or fails to clear for any reason, the Trustee and the Fosters shall take reasonable actions to ensure that payment of the Settlement Amount to the Fosters is effectuated and that funds of the Debtors' bankruptcy estate are safeguarded.

2.      <u>Resolution of Claim No. 26</u>.  Subject to the Fosters' receipt of the Settlement Amount (clearing of the check):

   a. The Fosters' Claim No. 26 shall be allowed as a non-priority, general unsecured claim in the amount of $155,633.45, plus the Fosters' reasonable attorneys' fees in connection with pursuing Claim No. 26 and the Fosters' rights with respect to the Property and the proceeds thereof.

   b. All other amounts claimed by the Fosters in Claim No. 26, any amendment thereto, or any subsequently filed proof of claim, shall be disallowed. For the avoidance of doubt, any and all secured claims that the Fosters asserted or may have asserted against the Debtor's bankruptcy estate are being resolved and satisfied pursuant to this Agreement.

   c. To the extent that the Fosters seek allowance of their reasonable attorneys' fees pursuant to this Agreement and the Contract, the Fosters shall file an amended

2

    proof of claim with respect to Claim No. 26 consistent with this Agreement and including attorney time records related thereto. Nothing in this agreement shall preclude the Trustee or any other party in interest from objecting to the reasonableness of attorneys' fees claimed by the Fosters in accordance with this Agreement.

3. <u>Fosters' Releases of the Bankruptcy Estate</u>.

    a. Effective immediately upon the entry of the Approval Order, the Fosters shall be deemed to have released the Debtor's bankruptcy estate, the Trustee, and the Trustee's professionals retained in the Bankruptcy Case from any and all claims, causes of action, or other rights to payment under law or equity existing as of the date of this Agreement, excepting only those relating to Claim No. 26 as allowed pursuant to this Agreement.

    b. Effective upon the Fosters' receipt of the Settlement Amount, the Fosters shall be deemed to have released any liens, interests, or equitable rights in current or former property of the Debtor's bankruptcy estate that they hold or may hold as of the Effective Date.

4.     <u>Reservation of Claims against Other Parties</u>. Notwithstanding anything to the contrary in this Agreement or the Approval Motion, the Fosters do not in this Agreement release any claims, causes of action, or other rights that they have or may have against the Debtor or the Debtors' employees, officers, principals, or professionals, including, for the avoidance of doubt, Coe Pratt, provided that any recovery by the Fosters from the bankruptcy estate shall not exceed the amounts laid out in this Agreement.

5.     <u>Mutual Representations and Warranties</u>. Subject only to Bankruptcy Court approval, each Party hereto represents and warrants to the other Parties as follows:

    a. *Enforceability*. This Agreement constitutes a valid and legally binding agreement of such Party, enforceable against such Party in accordance with its terms. This Agreement shall be binding on the Fosters as of the date of its execution and upon the Trustee as date the Bankruptcy Court enters the Approval Order. If the Bankruptcy Court enters an order denying a motion to approve this Agreement (the "<u>Approval Motion</u>") or making material changes to this Agreement to which the Trustee or the Fosters object on the record at a hearing on the Approval Motion (unless such objection is later withdrawn on the record or in writing) the Parties shall be released from all obligations under this Agreement. For the avoidance of doubt, any adjournment or continuance of any hearing on the Approval Motion shall not be an order denying the Approval Motion for purposes of this Agreement.

    b. *Authority*. In entering into this Agreement, each person executing and delivering this Agreement on behalf of a Party is duly authorized to do so and that the execution and delivery of this Agreement are lawful and voluntary acts of that Party.

3

    c. *No Violation*. The execution, delivery, and performance of this Agreement do not and will not (i) violate any law, regulation, or court order to which such Party is subject or (ii) require the approval of any person, board, or governmental entity which has not previously been obtained.

    d. *Independent Investigation, Advice of Counsel*. Each Party has: (i) read and understood this Agreement and agrees to all of its terms and conditions; (ii) independently evaluated the desirability of entering into this Agreement and in doing so is not relying on any representation, guarantee, or statement other than as set forth herein; and (iii) sought the advice of its own legal counsel regarding its rights and obligations set forth in this Agreement and has negotiated this Agreement through its legal counsel.

6. <u>Fosters' Additional Representations and Warranties</u>. The Fosters represent and warrant to the other Parties that they have not assigned to any other person (i) Claim No. 26 or (ii) any other claims, causes of action, or other rights that they hold or may hold against the Debtor's bankruptcy estate, property of the Debtor's bankruptcy estate, the Trustee, or the Trustee's professionals retained in the Bankruptcy Case.

7. <u>Entire Agreement</u>. This Agreement constitutes the entire agreement between and among the Parties with respect to the subject matter hereof, that the provisions hereof comprise a single integrated agreement that supersedes all prior and contemporaneous agreements, representations, warranties, and understandings of the Parties, whether oral, written, or implied, as to the subject matter hereof; *provided, however*, that the Approval Order shall supersede this Agreement in the event of an inconsistency that cannot be resolved by a reasonable interpretation of the Approval Order.

8. <u>Assignees; Successors</u>. This Agreement is and shall be binding upon and inure to the benefit of the Parties and their respective successors and assigns.

9. <u>Captions</u>. The captions of this Agreement are for convenience only and are not part of this Agreement and do not in any way limit or amplify the terms and provisions of this Agreement and shall have no effect on its interpretation.

10. <u>Further Assurances</u>. The Parties agree that they will cooperate with each other in good faith in respect of matters concerning the implemental and consummation of this Agreement.

11. <u>Counterparts</u>. This Agreement may be executed in two or more counterparts, in which case this Agreement shall include each such executed and delivered counterpart, each of which shall be deemed to be a part of a single instrument. The Parties agree that this Agreement may be executed by means of an electronic signature.

12. <u>Neutral Interpretation</u>. This Agreement is the product of negotiations between the Parties and enforcement will be interpreted in a neutral manner and not more strongly for or against any Party based upon the source of draftsmanship.

13. <u>Jurisdiction and Venue</u>.  This Agreement is executed and delivered as an incident to a transaction negotiated, consummated, and performable in Travis County, Texas, and shall be governed by and construed in accordance with the laws of the State of Texas. Any action or proceeding in connection with this Agreement may, and in the case of a proceeding against the Trustee or the Debtor's bankruptcy estate, shall, be brought in the United States Bankruptcy Court for the Western District of Texas, Austin Division, and each Party hereto hereby irrevocably submits to the jurisdiction of the Bankruptcy Court, and waives any objection it may now or hereafter have as to the venue of any such action or proceeding brought in such court.

[*Signature Page Follows*]

**AGREED TO BY:**

JAMES E. FOSTER                                    RON SATIJA, CHAPTER 7 TRUSTEE

*James E. Foster* Date: 5/24/2021        *[signature]* Date: 6/18/21

JOYCE S. FOSTER

*Joyce S. Foster* Date: 5/24/2021